IN THE UNITES STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

MICHAEL SCOTT STRADER )
)  Case No. 2:19-cv-00045
v. )  Chief Judge Crenshaw
)  Magistrate Judge Holmes
CUMBERLAND COUNTY *et al.* )

**O R D E R**

A status/case management conference was held telephonically on August 14, 2020 to, in part, address the issues raised in the parties' joint motion for extension of time to complete discovery. (Docket No. 61.) Counsel participating were: Melissa Baker for Plaintiff; Robyn Williams for the Cumberland County Defendants; and, Justin Long for the Healthcare Defendants. Based on discussion with counsel, and the entire record in this case, the following is ORDERED:

1. The parties agree that QCHC, Inc. may be substituted as the proper party in this case under Fed.R.Civ.P. 17 for all allegations and claims made against QCHC of Tennessee, Inc. The Clerk is therefore DIRECTED to terminate QCHC of Tennessee, Inc. as a party, and QCHC, Inc. shall be and is hereby substituted for all allegations and claims made against QCHC of Tennessee, Inc.[1]

2. Plaintiff's counsel also requested that alias summons be issued for Defendants QCHC, Inc., Gabby (Jama) Starnes, and Jeff Shelton. Those summonses were issued by the Clerk on August 14, 2020. (Docket No. 64.) There does not appear to be any further action needed by the Court; however, Plaintiff's counsel may seek other relief as appropriate.

---

[1] This resolves that much of the requested relief in Plaintiff's motion for leave to amend. (Docket No. 56.) The remaining requested relief to change the names of Doe Defendants is denied by separate order.

3. To allow this case to move forward without delay, the Healthcare Defendants may participate fully, including in discovery, without waiving any pending or other arguments as to sufficiency of service. Pending service of process on the Healthcare Defendants, their participation in this case, including in discovery, shall not constitute a waiver of any assertion of insufficient service of process.

4. Counsel reported that they have been unable to schedule Plaintiff's deposition due to their inability to obtain direction from the person responsible for those arrangements, Tennessee Department of Corrections Correctional Counselor Gary Creech. Counsel further reported that they have now been given the name of another individual who may be able to arrange for the deposition. If counsel continue to have trouble scheduling Plaintiff's deposition, they may seek further relief from the Court, including under 28 U.S.C. §1651(a). *See People First of Tennessee, et al. v. Clover Bottom Development Center, et al.*, Case No. 3:95-cv-01227 at Docket No. 1184.

5. Based on the time remaining for completion of discovery, and with the additional information that counsel may now have better success in scheduling Plaintiff's deposition, the Court will not extend the discovery completion deadline in this case, but the parties may request specific extensions as needed based on further developments.

6. All other case management deadlines and provisions found in prior orders and not modified herein remain in full force and effect.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge