# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| **MICHAEL SCOTT STRADER,** | ) |
| Plaintiff, | ) |
| v. | ) No. 2:19-cv-00045 |
| **CUMBERLAND COUNTY, et al.,** | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Michael Scott Strader, brings this case under 42 U.S.C. § 1983 alleging that Defendants failed to protect him from other inmates physical attacks, and that Defendants were deliberately indifferent to his serious medical needs. Pending before the Court is a Motion to Dismiss (Doc. No. 52) filed by QCHC, Inc., Jeff Shelton, Jane Doe Jail Doctor, and Jane Doe Jail Nurse #1 (collectively "Healthcare Defendants"). Plaintiff did not responded to the Motion and it is deemed unopposed. M.D. Tenn. L.R. 7.01.

First, the Healthcare Defendants argue that Defendant Jane Doe Jail Doctor and Jane Doe Jail Nurse #1 should be dismissed as improper parties because they remain unidentified. (Doc. No. 53 at 5–6.) They are correct. This has been resolved against Plaintiff by Magistrate Judge Holmes. (Doc. No. 66). Accordingly, Defendants Jane Doe Jail Doctor and Jane Doe Jail Nurse #1 are **DISMISSED**.

Second, the Healthcare Defendants argue that the claims against Shelton and QCHC should be dismissed because they had not been served. (Doc. No. 53 at 7–11.) However, since the motion to dismiss was filed, Strader issued summonses on Shelton and QCHC, (Doc. No. 64), which have been returned executed. (Doc. Nos. 74 and 75). Both Defendants have filed an answer. (Doc. Nos.

78 and 79). Accordingly, the motion to dismiss Shelton and QCHC for insufficient service is **DENIED AS MOOT**.

Third, Defendants are correct, Strader does not allege a claim for healthcare liability under Tenn. Code Ann. § 29-26-101. (Doc. No. 53). Accordingly, there is nothing to be dismissed and this part of the motion is **DENIED AS MOOT**.

Finally, the Healthcare Defendants argue that the Amended Complaint should be dismissed for failure to exhaust as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e. (Doc. No. 53 at 11–13.) The Supreme Court has held that a prisoner must exhaust "available" prison grievances, but "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216, 218 (2007). Strader adequately alleges that he attempted to file grievances but his requests for a grievance form were ignored, laughed at, and denied. (Doc. No. 46 ¶¶ 45–46, 66, 77); see Ross v. Blake, 136 S. Ct. 1850, 1858–60 (2016) (holding that exhaustion is required of "available" remedies, and not "when prison administrators thwart inmates from taking advantage of a grievance process"). On a motion to dismiss, the Court assumes these allegations to be true, and they are sufficient to allege exhaustion. Accordingly, Defendants' motion to dismiss for lack of exhaustion is **DENIED WITHOUT PREJUDICE**.

The case is returned to the Magistrate Judge for appropriate case management.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE